UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK McCRUMB,

    Petitioner,

v.

                                          Case No. 2:12-CV-12320
                                          Hon. George Caram Steeh

PAUL KLEE,

    Respondent.
_____/

**OPINION AND ORDER: (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS; AND (3) DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE**

Mark McCrumb, ("Petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction for second-degree criminal sexual conduct. MICH. COMP. LAWS 750.520c. For the reasons stated below, the application for writ of habeas corpus is summarily denied.

## I. Background

Petitioner pled no contest to the above charge in the Kent Circuit Court in exchange for dismissal of a supplemental information charging him with being a fourth-time habitual felony offender. Petitioner subsequently received a sentence of 100 months-to-15 years.

Following his conviction, Petitioner was appointed appellate counsel who filed an application for leave to appeal in the Michigan Court of Appeals. The application raised two claims:

I. Defendant seeks leave to appeal and argues that he is entitled to resentencing where points were erroneously scored under certain offense variables of the statutory sentencing guidelines.

II. Due Process requires plea withdrawal where defendant submitted an insufficient factual basis for the plea.

The Michigan Court of Appeals denied leave to appeal. *People v. McCrumb*, No. 300857 (Mich. Ct. App. December 2, 2010). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court that he claims raised the same two issues. This appeal was also denied. *People v. McCrumb*, No. 142360 (Mich. Sup. Ct. May 24, 2011).

Petitioner claims that he has also filed a motion for relief from judgment in the trial court that is still pending. He does not specify the claims he raised in this motion. Petitioner's present application for habeas relief raises the same two claims he presented to the state courts on direct appeal. Petitioner's motion to hold his petition in abeyance states that he has additional claims not yet presented in habeas petition that he wishes to exhaust in the state courts.

## II. Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*,

178 F. 3d 434, 436 (6th Cir. 1999); *See also Hamby-Bey v. Bergh*, No. 2008 U.S. Dist. LEXIS 60776, 2008 WL 3286227, * 1 (E.D. Mich. August 7, 2008); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has duty to screen out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. <u>See McIntosh v. Booker</u>, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III.  Analysis

**A. Sentencing Guidelines**

Petitioner's first claim asserts that the trial court incorrectly scored sentencing guideline variables. Specifically he claims that he was assessed too many points for the offense variable concerning the number of victims, and that two variables dealing with the vulnerability of the victims were scored incorrectly.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for this claim.

**B. Factual Basis For Plea**

Petitioner's second claim asserts that the trial court did not ascertain a sufficient factual basis for his plea. Specifically, he claims that there was no factual basis made for the element of sexual gratification at his plea hearing.

This claim is also not cognizable as a federal habeas claim. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). "An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). "The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993)). Therefore, when

the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. *Broce*, 488 U.S. at 569; *see also Bonior v. Conerly*, 416 F.App'x 475, 478 (6th Cir. 2010). Petitioner's claim does not challenge the voluntariness of his plea. Indeed he specifically stated in his state court pleading, "the claim is limited to whether a sufficient factual basis was made." Petitioner's Application for Leave to Appeal, p. 6.

The Court therefore finds that Petitioner's challenge to the factual basis for his plea is not cognizable on habeas corpus review.

### C. Motion to Hold Petition in Abeyance

Petitioner asks the Court to stay the proceedings and hold his habeas petition in abeyance so while he exhausts additional unspecified claims in his state post-conviction review proceeding.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Petitioner's petition is not mixed. He raises in it only the two claims he fully exhausted in the state courts during direct review.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a

5

prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979).

The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**V. ORDER**

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas

Corpus is SUMMARILY DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

IT IS FURTHER ORDERED that Petitioner's motion to hold the petition abeyance is denied.

Dated:  June 5, 2012

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 5, 2012, by electronic and/or ordinary mail and upon Mark McCrumb, #169927, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk

---